J. H. LANSLEY, Appellant, v. I. C. VAN ALSTYNE *et al.*, Appellees.

1. **Trial to the Court**: FINDINGS : CONFLICT IN EVIDENCE : APPEAL. Where a case at law is tried to the court, and the evidence is conflicting, the findings of fact by the trial court will not be disturbed upon appeal if there is evidence tending to support them.

2. **Sales of Personal Property**: MORTGAGE : EVIDENCE. In an action to recover the possession of personal property the plaintiff claimed title under a mortgage from one W., while defendant's title was based upon a mortgage of prior date from S., the vendee of W. The latter mortgage plaintiff claimed to be invalid as against his, because when his mortgage was received from W. there had been no change in the possession of the property, nor was there any conveyance thereof of record. *Held*, that the possession of the property being an issue to be tried, the defendant's mortgage was properly received in evidence in proof of his title against plaintiff's objection.

3. ——: ——: ——. Testimony of third persons on behalf of plaintiff as to whether they had heard of the sale under which defendant claimed, *held* immaterial.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

TUESDAY, OCTOBER 28, 1890.

ACTION to recover possession of certain personal property. A jury being waived, the case was submitted to the court, and judgment entered in favor of defendants. The plaintiff appeals, assigning as errors the overruling of plaintiff's and the sustaining of defendants' objections to testimony, and the finding and judgment in favor of the defendants.

*George W. Wilson* and *Henry Rickel*, for appellant.

*Cooper & Crissman* and *William G. Thompson*, for appellees.

GIVEN, J.—I. Appellant claims the property in controversy under a chattel mortgage executed by J. W. Whetmore, December 19, 1887, to Samuel G. Armstrong to secure a note for three hundred dollars, which note and mortgage were assigned to and are now owned by the plaintiff. Appellees claim the property under a chattel mortgage executed December 5, 1887, to him by Charles Shurtliff to secure a note for one hundred and ten dollars. Appellees' mortgage is prior in point of date, and was duly filed for record on the sixth day of December, 1887. For some time prior to these transactions, Whetmore was in the wood and coal business, and owned and used the property in controversy, together with other property described in the mortgages, in his business. Appellees contend that, prior to the execution of the mortgage by Shurtliff to him, Shurtliff had purchased the property in question from Whetmore, and was the owner thereof at the time he made said mortgage. Appellant contends that the alleged sale to Shurtliff is void as to subsequent purchasers from Whetmore without notice, because the property remained in the actual possession of Whetmore without any written instrument conveying the same having been executed, acknowledged and filed for record. He also contends that said sale was made in pursuance of a

*1. TRIAL to the court: findings: conflict in evidence: appeal.*

fraudulent combination between Van Alstyne, Whetmore and Shurtliff to cheat and defraud purchasers, creditors and incumbrancers of Whetmore.

The testimony of Shurtliff that prior to the time he made the mortgaged to appellees he had purchased the property mortgaged from Whetmore, and that he owned it at the time of making the mortgage, is uncontradicted. At and after the purchase, Shurtliff continued to use the property in the wood and coal business much as it had heretofore been used. There is a decided conflict in the testimony as to whether the possession was in Whetmore or Shurtliff at the time the mortgage was made to appellees; but the court must have found that the possession was in Shurtliff,—a finding that is not without support in the testimony. Further discussion of the testimony would serve no good purpose. It is sufficient to say that we think the finding of the court has such support that we should not disturb it. We think there is an entire absence of testimony to sustain plaintiff's claim that the sale was in pursuance of a fraudulent combination. Certainly the trial court must have failed to find such combination, and under the state of the proofs we will not disturb the finding of the court upon that issue.

II. Plaintiff objected to the introduction of the mortgage to appellees, on the ground that there had **2. SALES of personal property : mortgage: evidence.** been no change of the possession of the property. There was no error in overruling this objection. The question as to change of possession was the one being tried, and the mortgage was proper evidence.

III. The court sustained appellees' objection to inquiries put to one Livingston as to whether Whetmore had wanted to sell him some of the **3. THE same.** property sold to Shurtliff, and whether he had heard of the sale to Shurtliff, and a similar question to one Frame. There was no error in sustaining these objections, as it was immaterial to the issue whether these witnesses had so heard or not.

Defendants' motion to strike certain testimony was sustained. We are unable to determine from the record to what part of the testimony this motion was addressed, and cannot determine, therefore, whether there was error in sustaining the motion or not.

Our conclusion is that the judgment of the district court should be AFFIRMED.